**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge HERNANDEZ, Defendant–Appellant.**

**No. 08–50514.**

United States Court of Appeals, Ninth Circuit.

---

1. Appellants' motion for post-hearing argu- ment has been considered and is denied.

Submitted Nov. 4, 2009.*

Filed Nov. 18, 2009.

Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, Rebecca Suzanne Kanter, Assistant U.S., Southern District of California, San Diego, CA, for Plaintiff–Appellee.

Jodi Denise Thorp, Law Offices of Jodi Thorp, San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

MEMORANDUM **

Jorge Hernandez appeals his conviction under 8 U.S.C. § 1326. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

Here, the indictment alleged the elements of the offense and provided sufficient detail to give Hernandez notice of the crime alleged. *See United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995). Hernandez's claim that the indictment did not protect against double jeopardy is waived because he failed to argue this issue beyond a cursory assertion. *See* Fed. R.App. P. 28(a)(9); *Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007)

The district court neither misapplied the correct burden of proof nor attempted to shift the burden of proof; the district court's statements reflect its effort to analyze the record and weigh the evidence. *See United States v. Brobst,* 558 F.3d 982, 998 (9th Cir.2009) (burden shifting); *United States v. Banuelos,* 322 F.3d 700, 704 (9th Cir.2003) (standard of proof).

Lastly, the cumulative error doctrine is inapplicable because we have found no error in the asserted issues. *See United States v. Berry,* 627 F.2d 193, 201 (9th Cir.1980).

We have considered and reject all other arguments Hernandez raises on appeal.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.